In re CARLTON F. STOWE, INC. d/b/a Southern Tier Produce Company, Debtor.

CARLTON F. STOWE, INC. and Carlton F. Stowe, Individually and as guarantor, Plaintiff,

v.

GENERAL ELECTRIC CREDIT CORPORATION, Defendant.

Bankruptcy Nos. 79–24162, 80–2128A.

United States Bankruptcy Court, W. D. New York.

April 10, 1981.

Albright, Degnan, Pleckan, Schwartz & Sylvester, P. C. by Edward J. Degnan, West Henrietta, N.Y., for plaintiff.

Davis, Nesper & McElvein by Gabriel J. Ferber, Buffalo, N.Y., for defendant.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The plaintiffs herein filed an objection to the claim of General Electric Credit Corporation in this Chapter 11 proceeding. The original claim was for $20,896.71 which was later reduced by General Electric Credit Corporation to the sum of $5,302.71. The facts are as follows.

General Electric Credit Corporation before this action was started amended their claim to the amount of $5,302.71. They also claimed attorneys' fees of $1,924.72. It appears that General Electric Credit Corporation held a lien upon a Kenworth truck which was originally described as a 1980 Kenworth truck. There appears to be no dispute about the security interest in the vehicle. The vehicle was surrendered by Carlton F. Stowe, Inc. to General Electric Credit Corporation and a sale was held of the vehicle in April, 1981. The vehicle was sold for the sum of $41,280. There appears to be no dispute that the actual amount owed on the vehicle at that time was $45,-896.76.

The debtor objects to the claim of General Electric Credit Corporation on the ground that the truck was not sold in a reasonably, commercially, prudent fashion and on the basis that General Electric Credit Corporation initially filed a false, excessive and/or grossly excessive claim. The defense has been that the sale was commercially reasonable and that General Electric Credit Corporation should receive the amount of its claim plus reasonable attorneys' fees. Carlton F. Stowe has not filed a petition in bankruptcy individually but did guarantee the loan to Carlton F. Stowe, Inc.

It appears that when General Electric Credit Corporation first filed their claim in this proceeding it was for $20,896.71 and included no attorneys' fees. The man who handled the recovery and sale for General Electric Credit Corporation acknowledged that he made a mistake in filing the initial claim in that he failed to remove unearned interest. In October of 1981, the claim was amended by filing a claim for $5,302.71 plus attorneys' fees in the amount of $1,875 plus $49.72 for disbursements.

The sale of the vehicle which secured General Electric Credit Corporation's debt was a private sale. Notice was given to Carlton F. Stowe, Inc. and Carlton F. Stowe, individually. The notices did contain the mistake in figuring the balance due on the account. The vehicle together with other vehicles was advertised in the publication of the New York Truck Exchange. Three bids were received on the vehicle. One bid was from River Valley Farms in the amount of $42,600 in cash. This bid was later reduced to $41,280 in cash when the purchaser claimed the vehicle was a 79 instead of an 80 as advertised. One bid was from a William Wilson in the amount of $42,000 who sought to have General Electric Credit Corporation finance the purchase. Another bid was from Arthur Glick in the amount of $34,000 cash. In addition, Raymond Baroody, a former employee of Carlton F. Stowe, Inc., agreed to take over the

Stowe loan for the full amount if General Electric Credit Corporation would finance him.

In reviewing the reasonableness of the sale, it should be noted that the Blue Book on the vehicle shows that the retail value of the vehicle was $42,225. The selling price of the vehicle was $41,280. The sale of the vehicle was advertised in a publication where such vehicles are generally advertised. Four bids were received on the vehicle. The vehicle was sold for the highest cash price and while the debtor argues that General Electric Credit Corporation should be required to loan money to Mr. Baroody, who agreed to take over the debt in its entirety, the Court knows of nothing in the law that requires a creditor at such a sale to finance new buyers unless it desires to do so. Therefore, the sale was conducted in a reasonable and commercially prudent manner. It is entirely immaterial that the defendant put in a claim which was excessive due to a mistake of one of its employees. When the mistake was discovered, it was corrected.

The amount of the claim should be arrived at by subtracting the price the vehicle was sold for from the close out balance. This leaves a sum of $4,616.76. The Court finds that the attorneys' fees in the amount of $1,875 for 31.3 hours of work reasonable and that $49.72 in disbursements were incurred. This makes a total claim of $6,541.48 which the defendant is entitled to in this bankruptcy matter. The additional contingent legal fee of some $1,700 which the debtor has asked the Court to approve should not be allowed since one legal fee is sufficient on the collection of this claim and it is so ordered.